1  Gary W. Bethel, Bar No. 117547
   gbethel@littler.com
2  Andrew H. Woo, Bar No. 261120
   awoo@littler.com
3  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue
4  Suite 302
   Fresno, California  93704.2225
5  Telephone:  559.244.7500
   Fax No.:     559.244.7525
6
7  Attorneys for Defendant
   BRODER BROS., CO. d/b/a ALPHABRODER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PERAZA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRODER BROS., CO. d/b/a ALPHABRODER, a Delaware corporation; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 23-721<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

4853-9776-0886.1 / 036420-1000

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF TIMOTHY PERAZA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant BRODER BROS., CO. d/b/a ALPHABRODER ("Defendant") hereby removes the above-captioned action from the Superior Court for the State of California, in and for the County of Fresno to the United States District Court, Eastern District of California. Removal is proper based on the existence of a federal question, as further discussed below.

**I.   PLEADINGS, PROCESSES, AND ORDERS**

1. On or about July 14, 2023, Plaintiff TIMOTHY PERAZA ("Plaintiff") filed a Class Action Complaint (the "Complaint")in the Superior Court of the State of California for the County of Fresno, entitled Timothy Peraza v. Broder Bros. Co. dba AlphaBroder, Case No. 23CECG02855 (the "State Court Action"). A true and correct copy of the Complaint is attached to the Declaration of Andrew H. Woo ("Woo Decl.") at paragraph 2, Exhibit A.

2. Plaintiff's Complaint raises eight causes of action for 1) Unpaid Overtime, 2) Unpaid Meal Period Premiums, 3) Unpaid Rest Period Premiums, 4) Unpaid Minimum Wages, 5) Final Wages Not Timely Paid, 6) Non-Compliant Wage Statements, 7) Unreimbursed Business Expenses, and 8) Violation of California & Business Professions Code, sections 17200, et seq.

3. Plaintiff alleges that Defendant failed to pay overtime wages owed to Plaintiff and other class members. (Compl. ¶ 48.)

4. Plaintiff alleges that Defendant failed to pay meal period premiums due pursuant to California Labor Code section 226.7. (Compl. ¶ 61.)

5. Plaintiff alleges that Defendant failed to pay rest period premiums due to Plaintiff and other class members pursuant to California Labor Code section 226.7. (Compl. ¶ 70.)

6. Plaintiff alleges that Defendant failed to pay minimum wages to

Plaintiff and other class members pursuant to California Labor Code sections 1194 and 1197. (Compl. ¶ 75.)

7. Plaintiff alleges that Defendant failed to pay Plaintiff and other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two hours of their leaving Defendants' employ. (Compl. ¶ 80.)

8. Plaintiff alleges that Defendant failed to provide Plaintiff and other class members with complete and accurate wage statements in violation of California Labor Code section 226(a). (Compl. ¶ 86.)

9. Plaintiff alleges that Defendant failed to reimburse Plaintiff and other class members for all necessary business-related expenses and costs. (Compl. ¶ 93.)

10. Plaintiff seeks to represent a class defined as "All current and former hourly-paid or non-exempt employees of Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." (Compl. ¶ 13.)

11. True and correct copies of the filings in state court, including the Complaint, the Civil Case Cover Sheet, the Summons, the Notice of Case Management Conference, the Proof of Service of Summons, as well as the docket for the state court action are attached to the Declaration of Andrew H. Woo at paragraphs 2-9, Exhibits A-G.

12. On August 22, 2023, prior to removal, Defendant filed an answer to Plaintiff's Complaint in the Superior Court of the State of California for the County of Fresno. A true and correct copy of Defendant's answer is attached to the Declaration of Andrew H. Woo at paragraph 9, Exhibit H.

13. Other than the court proceedings and documents attached to the Declaration of Andrew H. Woo as Exhibits A through H, Defendant is not aware of any further proceedings or filings regarding this case in Fresno County Superior Court.

## II. VENUE IS PROPER

14. This action was filed in Fresno County Superior Court. Venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1391(a), and 1441(a). Venue is also proper because jurisdiction is based on CAFA, and the action may be venued in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. § 1391(b).

## III. DEFENDANT'S REMOVAL IS TIMELY

15. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely in that it has been filed by Defendant within thirty (30) days after Defendant were served with the Complaint. (See Woo Decl. ¶¶ 3-6.) Defendant was served on July 25, 2023. (See Woo Decl. ¶ 3, Ex. B.) Defendant's removal is timely.

## IV. STATEMENT OF CAFA JURISDICTION

16. Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1441 and 1446.

17. As set forth below, this Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because: (a) it is a civil class action; (b) there is diversity between at least one class member and Defendants; (c) the proposed class contains at least 100 members; (d) Defendants are not a state, state official, or other governmental entity; and (e) the total amount in controversy for all class members exceeds $5,000,000.

### A. This is a Class Action

18. This action has been styled as a class action pursuant to California

Code of Civil Procedure § 382. (Compl., ¶¶ 12-16.) Section 382 is a California statute authorizing an action to be brought by one or more representative persons as a class action, similar to Federal Rule of Civil Procedure 23.

**B.      Diversity of Citizenship**

19.     CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which at least one of the defendants is not a citizen. See 28 U.S.C. §§ 1332(d)(2)(A), 1453.

20.     Plaintiff resided in California during the period relevant to their lawsuit. (Compl., ¶ 5.) Plaintiff is, therefore, a citizen of the State of California. See 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship).

21.     Additionally, Defendant's records indicate that the putative class includes employees who currently reside in the States of Oregon, Missouri, and Washington. (Decl. of Michele LeHenaff in Supp. Of Def.'s Not. Of Removal of Civil Action to Fed. Ct. ("LeHenaff Decl."), ¶ 6.)

22.     Defendant is a corporation organized under the laws of the State of Delaware, whose principal place of business is located in the State of Pennsylvania. (LeHenaff Decl., ¶ 3.)

23.     A corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1). Accordingly, Defendant is deemed a citizen of the State of Delaware and the State of Pennsylvania.

24.     Accordingly, Plaintiff, a citizen of California, is a citizen of a state in which Defendant is not a citizen. Therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

**C.      The Proposed Class Contains at Least 100 Members**

25.     Plaintiff define the class as "All current and former nonexempt

employees of DEFENDANTS that worked for DEFENDANTS in the State of California for a period of time within the four (4) years preceding the filing of this action." (Compl. ¶ 23.)

26. The total number of individuals who meet the definition of the class provided in Plaintiff's complaint, within four years prior to the filing of Plaintiff's Complaint (July 14, 2023) is at least 1,996. (LeHenaff Decl., ¶ 5.) Thus, the putative class is well over the 100-person minimum required for CAFA jurisdiction.

### D. Defendant is Not a Governmental Entity

27. Defendant is not a state, state official, or other governmental entity. (LeHenaff Decl., ¶ 15.)

### E. Amount in Controversy for CAFA Jurisdiction

28. Plaintiffs' Complaint is silent with respect to the amount in controversy for themselves and the putative class in the aggregate. Under CAFA, where a complaint fails to state the amount in controversy, the defendant's notice of removal may do so: "…when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Id. at 554.

29. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant

will actually owe, if anything. Lewis v. Verizon Comm., Inc., 627 F. 3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") (emphasis added); Schiller v. David's Bridal, Inc., 2010 WL 2793650, *6, *27-28 (E.D. Cal. 2010) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy, but rather the amount put in controversy by the plaintiff's complaint and holding plaintiff established $5 million amount in controversy for purposes of CAFA); Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2009) ("a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages'" and so would not concede plaintiff's allegations through removal) (citations omitted); Ibarra v. Manheim Investments, Inc., 775 F. 3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial.").

30. Defendants deny the validity and merits of Plaintiffs' claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from Plaintiffs' claims. However, for purposes of removal only, and without conceding that Plaintiffs or the putative class are entitled to any damages, penalties, or other relief, it is readily apparent that the aggregated claims of the putative class an amount in controversy in excess of the jurisdictional minimum of $5,000,000.00, as required by 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6).[1]

31. Plaintiffs seek to recover damages associated with their claims of unpaid overtime and unpaid minimum wages. See Cal. Labor Code §§ 510, 1182.12,

---

[1] Per Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014), Defendants need only provide allegations that plausibly support the conclusion that the jurisdictional requirements for removal have been met, and need not submit evidence with a notice of removal. The allegations in this notice of removal provide a rough estimate of the amount in controversy in order to demonstrate that the jurisdictional minimum has been met. Per Dart Cherokee, Defendants possess the right to supplement these allegations with additional and more specific evidence of the amount in controversy if Plaintiffs challenge removal.

1194, 1197, 1197.1, 1198; see also Complaint, ¶¶ 42-50, 73-77.

32. The Supreme Court of California has held that the statute of limitations for unpaid wages is three years, extended to four when unpaid wages are sought pursuant to a claim under California's Unfair Competition Law. Cortez v. Purolator Air Filtration Products, Co., 23 Cal.4th 163, 178-79.

33. In 2022 alone, approximately 48,674 shifts are worked per year that are over 5 hours in duration. (LeHenaff Decl., ¶ 13.)

34. For purposes of removal, Defendant assumes that approximately 30 minutes of uncompensated work is performed on each shift that is over 5 hours in duration. This is based upon the allegations in Plaintiff's Complaint, wherein Plaintiff alleges that Defendant failed to compensate employees for all hours worked for Defendant, including by "requir[ing] Plaintiff and other class members … to work during meal periods…[2]" (Compl. ¶ 60.)

35. Given 48,674 shifts that were over 5 hours in duration, and 30 minutes of uncompensated work per shift, and an average hourly rate of $18.69 per hour, the amount placed in controversy by Plaintiffs' minimum wage and overtime claims is, at a minimum, $454,858.53[3] in a single year in 2022 alone. Extrapolated over the course of the four year statute of limitations would yield an amount in controversy estimated to be $1,819.434.12[4]. The actual amount in controversy with respect to overtime claims would exceed this estimate, as it assumes all unpaid hours are paid at non-overtime rates, when it would be paid at overtime or double time rates if the unpaid hours occurred on shifts over 8 hours in duration or over 12 hours in duration.

36. Plaintiff seeks to recover waiting time penalties on behalf of former employees under the theory that terminated employees were not timely paid all wages owed upon discharge. See Cal. Labor Code §§ 201, 202; see also Complaint, ¶¶ 78-83.

---

[2] Notably, the Complaint as drafted is not *limited* to unpaid wages associated with time worked during meal periods. Therefore, the true amount in controversy exceeds the amounts calculated herein, which are limited to time worked during meal periods.
[3] 48,674 shifts x 0.5 hours x $18.69 average hourly rate
[4] $454,858.53 x 4 years

Plaintiffs seek recovery of the penalty established by California Labor Code section 203, which provides that the wages of such employees "…shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

37. The Supreme Court of California has held that the statute of limitations on actions for waiting time penalties is three years. <u>Pineda v. Bank of America, N.A.</u>, 50 Cal.4th 1389, 1398-1401 (2010).

38. Within the statute of limitations period (July 14, 2020 to present), approximately 1,707 non-exempt employees working in California have been discharged from their employment with Defendant. (LeHenaff Decl., ¶ 5.)

39. For purposes of removal, Defendants assumes that each of the 1,707 putative class members who have been terminated from employment is entitled to recover waiting time penalties for 30 days at the same daily rate they earned while employed. Assuming the average hourly rate of $18.69 per hour, the aggregate amount of penalties in controversy would be $7,656,919.20.[5]

40. Plaintiff also seeks to recover penalties under California Labor Code section 226(a) for the alleged failure to furnish accurate, itemized wage statements. California Labor Code section 226(e) provides a penalty of "actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)."

41. The statute of limitations on actions under Labor Code section 226 is one year. <u>See</u> Cal. Civ. Proc. Code § 340(a); <u>Blackwell v. SkyWest Airlines, Inc.</u>, 245 F.R.D. 453, 462 (S.D. Cal. 2007) (recovery under Labor Code § 226(a) constitutes a penalty and therefore is governed by a one-year statute of limitations under Code of Civil Procedure § 340(a)).

42. For purposes of removal only, Defendant assumes each putative

---

[5] $18.69 per hour x 8 hours per day x 30 days x 1,707 employees

class member is entitled to recover for violations in each pay period within the statute of limitations (July 14, 2022 to the present) as alleged by Plaintiffs in the complaint. See Complaint, ¶ 89.

43.  Defendant pays employees on a biweekly basis. (LeHenaff Decl., ¶ 12.) Accordingly, the amount in controversy for Plaintiff's wage statement claim is approximately $766,950.00.[6]

44.  Plaintiff also seeks to recover damages stemming from the failure to provide meal breaks and the failure to provide rest breaks. Pursuant to the applicable IWC Wage Order and California Labor Code, Plaintiff seeks to recover one additional hour of pay at their regular rates of pay for each work day that required a meal period and a meal period was not provided. (See Compl., ¶ 63.) Plaintiff also seeks to recover one additional hour of pay at their regular rates of pay for each work day that required a rest period and a rest period was not provided. (See Compl., ¶ 72.)

45.  The Supreme Court of California has held that the statute of limitations on actions for missed rest periods is three years, Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4th 1094, 1114 (2007), potentially expanded to four years via Plaintiffs' claim for unfair competition, see Cortez v. Purolator Air Filtration Products Co., 23 Cal.4th 163, 177-78 (claims for wages unlawfully withheld can be recovered in an unfair competition law claim, with its four year statute of limitations).

46.  For purposes of removal only, Defendant assumes each putative class member is entitled to recover for unprovided meal breaks and unprovided rest breaks.

47.  Given 48,674 shifts that were over 5 hours in duration and an average hourly rate of $18.69 per hour, the amount in controversy for Plaintiff's unprovided meal break claim is $909,717.06[7] in a single year in 2022 alone. Extrapolated over the course of the four year statute of limitations would yield an

---

[6] Assuming approximately 277 pay periods paid at the $50 penalty for each active employee, and the remaining 7,531 pay periods paid at the $100 penalty. (277 x $50) + (7,531 x $100)
[7] 48,674 x $18.69

amount in controversy estimated to be $3,638,868.24[8].

48. The amount in controversy for Plaintiff's unprovided rest break claim would also be estimated to be at least $3,638,868.24, since the rest break premium is the same amount as the meal break premium. This amount would underestimate the total amount in controversy for missed rest breaks, since it was estimated based upon the number of shifts long enough to trigger a meal break (5 hours) and the duration required for a rest break is only 3.5 hours.

49. Plaintiffs also seek attorneys' fees. See, e.g., Complaint, pp. 20-22. Attorneys' fees must be included when assessing the amount in controversy for removal purposes. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Attorneys' fees awards in California wage and hour class actions can total hundreds of thousands of dollars or more. See, e.g., Willner v. Manpower Inc., 2015 U.S. Dist. LEXIS 80697, at *30 (N.D. Cal. June 20, 2015) (awarding $2.625 million in attorneys' fees in class action involving allegations that employer failed to provide accurate wage statements and timely wage payments in violation of the California Labor Code on behalf of class of 20,000 temporary workers); Pellegrino v. Robert Half Int'l, Inc., 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees in case involving wage statement and exemption misclassification claims, but reversing as to multiplier); Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1216-18 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class action involving alleged wage statement violations and violations of a living wage ordinance, unfair competition and contract claims); Jasso v. Money Mart Express, Inc., 2012 U.S. Dist. LEXIS 27215 (N.D. Cal. Mar. 1, 2012) ("[I]t is well established that the Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees."). The Court should therefore consider attorneys' fees of at least $500,000 as part of the amount in controversy.

50. Plaintiff's claims for unpaid wages, waiting time penalties, wage

---

[8] $909,717.06 x 4 years

statement violations, meal period premiums, and rest period premiums place at least the following amounts in controversy:

| | | | |
|---|---|---|---|
| a. | Unpaid Wages: | | $454,858.53 |
| b. | Waiting Time Penalties: | | $7,656,919.20 |
| c. | Wage Statement Violations: | | $766,950.00 |
| d. | Meal Period Premiums: | | $3,638,868.24 |
| e. | Rest Period Premiums: | | $3,638,868.24 |
| f. | Attorneys' Fees: | | $500,000.00 |

Consideration of the above claims establishes an amount in controversy in excess of $16,656,464.21.[9]

## V.  NOTICE TO PLAINTIFF AND THE STATE COURT

51. Promptly after filing this Notice of Removal in the United States District Court for the Eastern District of California, and pursuant to 28 U.S.C. § 1446(d), written notice of such filing will be served on Plaintiff's counsel of record. (Woo Decl., ¶ 11.)  In addition, a copy of the Notice of Removal will be promptly filed with the Clerk of the Court for Fresno County Superior Court. (Woo Decl., ¶ 12.)

WHEREFORE, having provided notice as required by law, Defendant requests that the above referenced action be removed from the Fresno County Superior Court to this Court, that this Court make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action, and that this Court assume jurisdiction over this matter.

---

[9] In light of *Dart Cherokee's* holding that Defendant need only provide plausible allegations relating to the amount in controversy, Defendant possess the right to supplement these allegations with additional and more specific evidence relating to the claims where estimates of the amount in controversy were provided, to the extent Plaintiff challenges removal.  The claims discussed herein amply support the conclusion that the amount in controversy requirement is met in this case.

Dated: August 23, 2023

        LITTLER MENDELSON, P.C.

*/s/ Andrew H. Woo*
Gary W. Bethel
Andrew H. Woo

Attorneys for Defendant
BRODER BROS., CO. d/b/a
ALPHABRODER

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 633 West Fifth Street, 63rd Floor, Los Angeles, CA 90071.

On **August 23, 2023**, I served the within documents described as: **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Douglas Han
Shunt Tatavos-Gharajeh
JUSTICE LAW CORPORATION
751 North Fair Oaks Avenue, Suite 101
Pasadena, CA 91103
(818) 230-7502 – FAX: (818) 230-7259
dhan@justicelawcorp.com
statavos@justicelawcorp.com

*Attorneys for Timothy Peraza*

☒ **BY MAIL (FRCP 5(b)(1)(C)):** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses **above** and

☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing and deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I hereby certify that I am employed in the Office of a member of the Bar of this Court at whose direction the service was made. Executed on **August 23, 2023** at Los Angeles, California.

*Kim Alvarez*
_____
Kim Alvarez